BL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick L. Racine, | No. CV 07-0285-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Plaintiff Patrick L. Racine filed a *pro se* civil rights action against the Director of the Arizona Department of Corrections (ADC) Dora Schriro, Drs. Adams, Schwimmer, and Stumpf, Captain Carrol, and Deputy Rivas (Doc. #1). Plaintiff failed to serve Schwimmer, Stumpf, and Rivas. Schriro, Adams, and Carroll moved to dismiss (Doc. #12). The Court will dismiss Schwimmer, Stumpf, and Rivas due to Plaintiff's failure to serve them, grant Schriro, Adams, and Carroll's Motion to Dismiss, and dismiss without prejudice the instant action.

**I. Background**

Plaintiff filed a 42 U.S.C. § 1983 action alleging that (1) Schriro, Schwimmer, Adams, and Stumpf violated his constitutional rights by failing to provide him adequate mental health treatment; (2) Carrol and Rivas violated his constitutional rights by denying him due process and equal protection in a disciplinary hearing; and (3) Defendants intentionally inflicted emotional damage, in violation of state law (Doc. #1). Defendants were ordered to answer the Complaint, and Plaintiff successfully served Schriro, Adams and Carrol (Docs. ##5, 7-11, 14). Plaintiff has not served Schwimmer, Stumpf, and Rivas (Docs. ## 7-9). Schriro,

Adams, and Carroll (hereinafter referred to as Defendants) moved to dismiss the instant action (Doc. #12). Defendants argue, *inter alia*, that (1) Plaintiff failed to exhaust his administrative remedies as to Counts I and III; (2) Count II is barred under Edwards v. Balisok, 520 U.S. 641 (1997); and (3) Plaintiff failed to sufficiently allege an injury under state law or file a notice of claim (Doc. #12).[1]

## II. Failure to Respond

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so).

Plaintiff was provided notice that Defendants filed a Motion to Dismiss, advised of his obligation to respond, and informed that the failure to respond may "be deemed a consent to the granting of that Motion" (Doc. #)  Despite these warnings, Plaintiff failed to respond to Defendants' motion, which could be construed as a consent to the granting of it. Out of an abundance of caution, the merits of Defendants' motion will be addressed.

## III. Failure to Serve

"If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." Fed. R. Civ. P. 4(m). Plaintiff filed the instant action on February 8, 2007 (Doc. #1). Plaintiff was notified in the Court's March 27, 2007 order that the failure to serve the parties within 120 days of the filing of the Complaint or 60 days from the date of that order could result in the dismissal of the action against all unserved Defendants (Doc. #3). Plaintiff nonetheless

---

[1] Defendants' remaining arguments need not be addressed.

- 2 -

1 failed to serve Schwimmer, Stumpf, and Rivas. These defendants will be dismissed without
2 prejudice due to Plaintiff's failure to serve.

3 **IV. Motion to Dismiss**

4     **A. Failure to Exhaust**

5 Defendants argue that Plaintiff failed to exhaust his administrative remedies as to
6 Count I and III (Doc. #12). Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform
7 Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C.
8 § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439
9 F.3d 1016, 1017 (9th Cir.), cert denied 127 S.Ct. 232 (2006). In Count III, Plaintiff alleged
10 that Defendants intentionally inflicted emotional damage, in violation of state law (Doc. #1).
11 Plaintiff's claim is premised on a violation of state law, not with respect to prison conditions
12 under § 1983. Thus, as to Count III, Plaintiff was not required to exhaust his administrative
13 remedies.

14 Plaintiff was required to exhaust his administrative remedies on claims that his
15 constitutional rights were violated by a failure to provide him adequate medical care
16 (Doc. #1). Exhaustion is mandated "regardless of the relief offered through administrative
17 procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits
18 regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly
19 exhausted," the prisoner "must complete the administrative review process in accordance
20 with the applicable rules, including deadlines, as a precondition to bringing suit in federal
21 court." Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006).

22 Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt
23 v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter
24 of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may
25 look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has
26 broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l
27 Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper

28

1 remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim
2 without prejudice." Wyatt, 315 F.3d at 1120.

3 An inmate wishing to grieve an issue regarding his medical diagnosis or treatment
4 must first submit a complaint to their assigned Correctional Official III (CO III). The CO III
5 seeks a response from the appropriate medical staff, investigates the grievance, and attempts
6 to resolve the complaint. The inmate may appeal the CO III's response to the Institution/Unit
7 Grievance Coordinator. The Grievance Coordinator forwards the grievance to the Facility
8 Health Administrator, who investigates and attempts to resolve the issue. The inmate may
9 seek to appeal the Facility Health Administrator's decision to the Director, at which time the
10 grievance is forwarded to the Deputy Director for Inmate Health Services. The Deputy
11 Director investigates the grievance and prepares a response, which is then forwarded to the
12 Director for a response. The Director's response is final (Doc. #12, ex. A). Plaintiff failed
13 to file any inmate grievance with regard to health issues (id., exs. A-B).

14 Defendants demonstrated that there existed an inmate grievance system which was
15 available to Plaintiff. Plaintiff states in his Complaint that he fully exhausted his
16 administrative remedies with regard to Count I (Doc. #1), but Plaintiff's act of checking off
17 boxes on his Complaint is insufficient to overcome Defendants' affidavit evidence showing
18 that Plaintiff failed to exhaust his administrative remedies. The Court will therefore dismiss
19 Plaintiff's Count I claim for failure to exhaust administrative remedies.

20 **B. Edwards v. Balisok**

21 Defendants argue that Count II is barred by Edwards v. Balisok (Doc. #12). "[A] state
22 prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought
23 (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading
24 to conviction or internal prison proceedings) – if success in that action would necessarily
25 demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S.
26 74, 81 (2005) (citing Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S.
27 477 (1994); and Preiser v. Rodriguez, 411 U.S. 475 (1973)). Plaintiff attached his
28 disciplinary hearing, which resulted in the loss of five days of earned released credit (Doc.

#1).  Because success in the instant action would necessarily result in a speedier release, Count II is barred by Edwards.

### C. State Law Claims

Plaintiff asserts an Arizona-law emotional distress claim against Defendants. Arizona law provides, however, that "[a]ny and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department, within the scope of their legal duty, shall run only against the state." A.R. § 31-201.01.  Thus, the only proper Defendant in Plaintiff's state-law claim is the State of Arizona, which is entitled to Eleventh Amendment immunity. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**IT IS ORDERED:**

(1) Defendants Schwimmer, Stumpf, and Rivas are dismissed without prejudice due to Plaintiff's failure to serve them.

(2) Defendants' Motion to Dismiss (Doc. #12) is **granted**.  Plaintiff's action is dismissed without prejudice.  The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 21st day of August, 2007.

_David G. Campbell_
David G. Campbell
United States District Judge